962 F.2d 10
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Pat DRISCOLL, Plaintiff-Appellant,
v.
UNITED STATES ARMY, Civil Works, Bush Administration, et
al., Defendants-Appellees.
 No. 91-2035.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 22, 1992.*
Decided May 8, 1992.
 
 Before BAUER, Chief Judge, and COFFEY and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Congress authorized the United States Army Corps of Engineers (Corps) to undertake the LaFarge Lake and Channel Improvement Project (Project) pursuant to the Flood Control Act of 1962, Pub.L. 87-874, 76 Stat. 1173. Among other improvements planned for the area, the Corps was authorized to construct an earthen dam with a conservation pool located one mile upstream form LaFarge, Wisconsin. The entire project was intended to provide flood protection and increase recreational use of portions of land abutting the Kickapoo River.
 
 
 2
 Pursuant to this authorization, the government acquired several thousand acres of land. Construction of the dam began in 1971, but stopped in 1975 before the dam was completed. In 1976, Congress ordered the Corps to use existing funds to study alternative plans and environmental factors relating to the Project. In 1977, President Carter reviewed the Project and recommended that no more funds be appropriated because the Project did not meet the administration's environmental and economic standards. Congress has not appropriated any funds for construction of the Project since fiscal year 1977. In 1983, Congress appropriated funds for another study regarding the status of the Project and possible construction alternatives. The report was presented to Congress in 1984 and concluded that the Project lacked economic justification. The report recommended that Congress deauthorize the Project. Congress passed legislation for the future deauthorization of the Project.
 
 
 3
 Appellant Pat Driscoll brought this suit claiming that the defendants United States Army, Civil Works, the Bush Administration, the United States of America, and the Wisconsin Department of Natural Resources[1] had sufficient funds to complete at least the LaFarge portion of the Project. He also specifically challenges some of the calculations used in the 1984 study ordered by Congress. In addition, Driscoll maintains that Army failed to abide by their rules and regulations in reference to the LaFarge portion of the Project. The appellant further contends that the defendants conspired, in bad faith, to have the Project deauthorized by failing to request sufficient funds for completion. Finally, Driscoll requests "that the Court compel appropriate Federal action unlawfully withheld and unreasonably delayed concerning the LaFarge Lake portion of the LaFarge Lake and Channel Improvement." The district court granted the defendants' motion for summary judgment, and Driscoll appeals.
 
 
 4
 This case is governed by our decision in County of Vernon v. United States, 933 F.2d 532 (7th Cir.1991), which discussed the very same Project that is the subject in this suit. Many of the issues raised by Driscoll have already been decided, adversely to Driscoll's position, in County of Vernon. Driscoll attempts to distinguish his allegations from the issues decided in our earlier decision, but most of his arguments are spurious, at best.
 
 
 5
 The County of Vernon plaintiffs also alleged that the Corps had sufficient funding to finish the Project. Our review of the record leads us to the same conclusion we reached in County of Vernon:
 
 
 6
 These documents, however, do not suggest that Congress has appropriated funds for the completion of the Project. Rather, they demonstrate that congressional appropriations fell short of the dollar amount listed in the original program authorization.... Thus, we agree that the lack of funding precluded the Corps from completing the Project.
 
 
 7
 Id. at 534-35. Driscoll attempts to distinguish his argument from that raised in the earlier suit. He claims that he challenges only the availability of money to complete the LaFarge portion of the Project, not the entire Project. This distinction is specious. The record clearly demonstrates that Congress failed to provide necessary funding to complete many aspects of the Project including the LaFarge portion.
 
 
 8
 Driscoll next attempts to challenge the interest rates used in the 1984 report to Congress to calculate the cost-benefit ratio contained in the report. Again, this issue was decided in County of Vernon. "The decision of Congress not to appropriate funds for a particular project is not reviewable by the judiciary." County of Vernon, 933 F.2d at 353 (citing Oklahoma ex rel. Phillips v. Guy F. Atkinson Co., 313 U.S. 508 (1941)). We further held that review of the report used by Congress to make this funding determination is likewise inappropriate. "Congress will itself review the analysis and determine whether it has been conducted properly. Once it has been made, the courts should not interfere." County of Vernon, 933 F.2d at 535-36 (quoting Izaak Walton League v. March, 655 F.2d 346, 358 (D.C.Cir1981)).
 
 
 9
 Driscoll's last two contentions have no support in the record. First he claims that the defendants' failed to follow their own rules. There is simply no evidence in the record to support this allegation. Driscoll also argues that the defendants conspired, in bad faith, to deauthorize the program. He claims that the fact that the dam was never completed supports this charge. However, it was Congress' refusal to appropriate the necessary funds that resulted in the failure to complete the Project. The defendants merely followed Congressional mandates, performing their obligations when funds were provided, and being unable to continue construction when Congress withdrew monetary support for the project.
 
 
 10
 For these reasons, the decision of the district court is
 
 
 11
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Appellant has filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [1]
 The district court granted the Department of Natural Resources motion to dismiss on December 11, 1990. Driscoll does not appeal this dismissal